**Ex parte George Charles HILLYER.**

No. 36264.

Court of Criminal Appeals of Texas.

Oct. 23, 1963.

Rehearing Denied Nov. 27, 1963.

Le Grand J. Woods, Marvin F. Foster, Jr., Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Relator filed an application for, and was granted, a writ of habeas corpus by Honorable J. D. Todd, Judge of the 105th District Court of Nueces County, a hearing was held, relief was denied and notice of appeal was given.

Relator was indicted for the offense of Murder in 1954 in Nueces County. At a sanity hearing before the main charge he was adjudged to be insane at the time of the homicide and at the time of trial. He was then committed to the State Hospital at Rusk in 1954. In 1957 he was returned to Nueces County where, after a hearing, a jury found him to be insane at that time, and he was returned to the State Hospital.

On the 8th day of June, 1963, relator was returned to Nueces County, after an affidavit of Dr. Charles W. Castner, Superintendent of the Rusk State Hospital, certifying appellant sane, was mailed to Judge Todd, as provided in Art. 932a, Sec. 3, Vernon's Ann.C.C.P.

The trial court appointed attorneys, had a hearing, and relief was denied. The trial court found that Sec. 20 of Art. 932b, Vernon's Ann.C.C.P., adopted in 1957, effective January 1, 1958, provides:

> "The repeal of any law by this Act shall not affect or impair any act done or right, obligation or penalty existing or accrued under the authority of the law repealed; and such law shall be treated as still remaining in [full] force for the purpose of sustaining any

proper action concerning any such act, right, obligation or penalty." Vernon's Ann.C.C.P. art. 932–2.

The Court held that this provision applied, and that relator could not be discharged until he had a sanity hearing under the pre-existing law relating to discharge of persons certified to be sane.

The appellant correctly states that the subject of this appeal requires the Court to construe the effect of the enactment of Art. 932b of the Vernon's Ann.C.C.P. in its repeal of Art. 932a Vernon's Ann.C.C.P. and the effect, if any, of the savings clause contained in the new statute upon persons confined under the repealed law.

It is appellant's position that he is entitled to elect to follow the procedure of the new law, and that under the provisions of Sec. .2 of Art. 932b, Vernon's Ann.C.C.P. he can be transferred, furloughed, or even discharged without any further Court action because he stands in the status of a patient acquitted as provided for in said section.

We have carefully reviewed the record, and we do find that the trial judge who was then in office in 1954 did erroneously enter in his judgment committing the appellant to a hospital for the insane, pursuant to a jury's finding of insanity at the time of the alleged offense and present insanity at the time of that trial that he further ordered, adjudged and decreed that the defendant, George Charles Hillyer, be and he is hereby acquitted and found not guilty of the offense alleged in the indictment in this cause. The latter part of the trial judge's order acquitting the defendant and finding him not guilty was erroneous and has no legal effect. The primary change that the legislature accomplished in its enactment of Art. 932b, Vernon's Ann.C.C.P. which repealed Art. 932a, Vernon's Ann.C.C.P. was to make such a determination of an acquittal possible on the trial of the sanity issue alone before the main charge. In effect, the present law which became effective in January of 1958 now makes it possible for a defendant to be acquitted and found not guilty

of the alleged offense even though the indictment is not read, no plea is entered, and the trial on the merits or the main charge is never had. We have here the case of a defendant whose status as an insane person at the time of the commission of the offense of Murder and at the time of the trial was determined by a jury labelling him as insane in both instances. This finding certainly did preclude or bar the State from prosecuting him for the offense of Murder, but it did not acquit him for the Murder, nor did it find him not guilty. It did not change his status to that of a person not charged with a criminal offense and it did not bring him under the terms of Sec. 2 of Art. 932b as contended by appellant. By illustration, the appellant is in the same category as one who has an indictment pending against him for felony theft, which shows clearly on its face that the offense is barred by the statute of limitations. Although he might not be successfully prosecuted and he could successfully set up his limitation plea as a bar to the prosecution, he would still be in the category of a person charged with a criminal offense.

We also observe that Sec. 6 of Art. 932b prescribes and carries forward virtually the identical procedure set forth in Sec. 3 of Art. 932a, the repealed act. Sec. 6 of 932b is as follows:

"(a) If the head of a State mental hospital in which a person charged with a criminal offense is confined under this Chapter is of the opinion that the person is sane, he shall so notify the court which committed the person to the State mental hospital.

"(b) Upon receiving this notice, the judge of the committing court shall impanel a jury to determine whether the person is sane or insane. If the jury finds the person is sane, the proceedings in the case against him shall continue. If the jury finds the person is insane, the court shall order his return to the State mental hospital until he becomes sane."

In view of the foregoing provisions contained in Sec. 6 of Art. 932b, the present law, we do not think it necessary to advert to a discussion of the savings clause.

Finding no reversible error in the action of the trial court, the judgment is affirmed and the relief sought is denied.